UNITED STATES DISTRICT COURT    JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **CV 12-6807-JFW (MRWx)**                                    Date:  August 27, 2012

Title:       Kenyatta F. Stiger -v- Bank of America, N.A., et al.

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

   Shannon Reilly                                      None Present
   Courtroom Deputy                                    Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
             None                                                 None

**PROCEEDINGS (IN CHAMBERS):**    ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

    On July 18, 2012, Plaintiff Kenyatta F. Stiger ("Plaintiff") filed a Complaint against Defendants Bank of America, N.A. ("Bank of America") and Quality Loan Service Corporation ("Quality") (collectively, "Defendants") in Los Angeles Superior Court.  On August 7, 2012, Bank of America filed a Notice of Removal, alleging that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  See Fifty Associates v. Prudential Insurance Company of America, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Bank of America bears the burden of demonstrating that removal is proper.  See, e.g., Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

    Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  Bank of America has failed to allege the citizenship of Quality.

    In addition, Quality did not join or consent to the removal.  However, Bank of America fails to

address whether or not this defendant has been served, and, if so, on what date.[1]  Therefore, Bank of America has failed to file a proper removal notice.  *See, e.g., Leuzzi v. Dollar Tree Stores, Inc.*, 2005 WL 2972982, *2 (E.D. Pa. Nov. 4, 2005) (remanding case and holding that "[a]lthough it is now clear that all defendants want this case to remain in federal court, the fact that they did not comply with the notice of removal's strict statutory requirements cannot be overlooked" where removing defendant did not include consent to removal by all defendants in its notice of removal).

Bank of America argues in its Notice of Removal that Quality is a nominal defendant and, therefore, its citizenship should not be considered for diversity purposes and its joinder in the removal is not required.  However, "[a] party that files a declaration of non-monetary status does not actually become a nominal party until 15 days pass without objection."  *Sun v. Bank of America Corporation*, 2010 WL 454720, *3 (C.D. Cal. Feb. 8, 2010); *see also Boggs v. Wells Fargo Bank NA*, 2012 WL 2357428, *3 (June 14, 2012) (holding that party's citizenship could not be disregarded for purposes of determining whether the plaintiffs and the defendants were completely diverse where notice of removal was filed 14 days after declaration of non-monetary status had been filed in state court).  In this case, Bank of America has failed to demonstrate when Quality filed its declaration of non-monetary status.  Thus, Bank of America has failed to demonstrate that, at the time of removal, Quality had attained nominal status.  Accordingly, the nominal party status exception does not apply.

Bank of America has failed to satisfy its burden of establishing that diversity jurisdiction exists.  Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

[1] Qualify filed a Declaration of Non-Monetary Status in Los Angeles Superior Court, which indicates that it most likely has been served in this case.